# CHARLESTON.

WOODS *v.* DOUGLASS.

Submitted January 29, 1902.  Decided March 21, 1903.

1. JUDGMENT—*Liens—Purchaser.*
    B. & S., for use of McC., obtained a judgment at law, in No-
    vember, 1859, against G. and O'B. *et. al,* his sureties. A suit
    in equity was instituted by his lien creditors for the purpose of
    subjecting the real estate of said O'B. to the payment of their
    liens against it. G. was the owner of a tract of twenty-four
    and one-half acres of land and was a party defendant to the
    suit, but no proceedings were taken therein against said twenty-
    four and one-half acres. G. died pending the suit which was
    revived in the name of C., his only heir, who conveyed the
    twenty-four and one-half acres to D. *Held:.* That said suit
    being for the purpose of enforcing the liens against the real
    estate of O'B. and not in any way involving or affecting the
    twenty-four and one-half acres, D. was not a *pendente lite*
    purchaser thereof. (p. 519).

2. LIENS—*Statute of Limitations—Judgment.*
    The fact that G. was a party defendant to a suit for the
    enforcement of liens against the realty of O'B. would not pre-
    vent the running of the statute of limitations as to a judg-
    ment against G. (p. 521).

Appeal from Circuit Court, Barbour County.

Action by S. V. Woods, special commissioner, against S. C.

Douglass, *et als.* Judgment for plaintiff, and defendant appeals.

*Reversed.*

C. M. MURPHEY and D. O'BRIEN, for appellees.

F. O. BLUE and A. G. DAYTON, for appellants.

McWHORTER, PRESIDENT:

On the 22d day of June, 1850, Samuel O'Neal and wife conveyed to Samuel George a tract of twenty-four and one-half acres of land in Barbour County. The vendee, Samuel George, died leaving surviving him his wife, Eveline, his sole heir. On the 21st day of November, 1883, Eveline having intermarried with John S. Cooper, together with her husband, in consideration of forty-five dollars, conveyed said twenty-four and one-half acres of land with general warranty to S. C. Douglass. On the first day of February, 1893, S. C. Douglass and wife conveyed to Alston G. Dayton, trustee, the said tract of land together with several other tracts to secure to H. F. Brohard the payment of a note for three thousand dollars, with interest, payable in five years. At the November term, 1859, of the county court of Barbour County, Brady and Swindler, for the use of Benjamin McCoy obtained judgment against Samuel George and E. J. O'Brien and Daniel O'Brien, his securities in a forthcoming bond for the penalty of the bond to be discharged by the payment of fifty-two dollars and fifty cents, with interest from August 20, 1859, and costs. At the April rules, 1894, Samuel V. Woods, special commissioner, filed his bill in equity in the clerk's office of the circuit court of Barbour County against S. C. Douglass, J. N. B. Crim, S. J. Heatherly, J. E. Heatherly, H. F. Brohard, A. G. Dayton, trustee, Case Manufacturing Co., Samuel Woods, and Columbus Kelly, for the purpose of enforcing his vendor's lien and his judgment liens against the land of said Douglass; in which suit plaintiff obtained a decree for the sale of said land under which decree sale was made of the Douglass lands, including the twenty-four and one-half acres. On the third day of March, 1898, Daniel O'Brien tendered his petition in said cause and asked leave to file the same, to the filing of which defendant H. F. Brohard, and J. N. B. Crim by counsel ob-

jected, of which objection the court took time to consider, and made an order setting aside so much of the decree which it had entered as confirmed the sale of the twenty-four and one-half acres to said Brohard and a re-sale of the same was ordered. The said petition of O'Brien, alleged the fact of the said judgment of Brady and Swindler use of McCoy against Samuel George and E. J. O'Brien and the petitioner, for fifty-two dollars; and that McClaskey and Crim in the year 1859 instituted their suit against petitioner and all other parties holding liens against the petitioner by judgment or otherwise, to which suit said Samuel George was made a party and duly served with process and after George's death revived against said Eveline; that on the 19th day of July, 1883, a decree was rendered therein for the sale of the petitioner's real estate for the payment of the judgments and other liens against it including the Brady and Swindler judgment against George. A sale was had under such decree and the debts paid, which judgment of Brady and Swindler against Samuel George was paid out of the proceeds of sale of petitioner's property, and which debt the petitioner alleged was paid in the year 1898; alleging that the said suit of McClaskey and Crim was still pending and undetermined in the circuit court of Barbour County and that Douglass was a *pendente lite* purchaser of the said twenty-four and one-half acres of land from said Eveline Cooper and that he purchased said twenty-four and one-half acres with ful knowledge of all rights of petitioner; that a decree was entered at the October term, 1897, appointing Samuel V. Woods special commissioner to sell the real estate of Douglass, including the twenty-four and one-half acres and alleging that petitioner had a right to come into a court of equity and be substituted to all the rights of Brady and Swindler, use of Benjamin McCoy; and that the debts, interests and costs so paid by him should be decreed a prior lien upon said twenty-four and one-half acres of land, and prayed that he be admitted as a defendant in said cause of Woods, special commissioner, against Douglass; that his petition be ordered to be taken as his answer thereto and that said debts, interests and costs be decreed to him out of the sale of the twenty-four and one-half acres of land and for general relief. And on the 27th day of February, 1901, the court overruled the objections to the

filing of the petition and filed the same, and the said Brohard appeared to said petition and waived further process thereon and was given leave to file an answer within sixty days from the adjournment of court. On the sixth day of June, 1901, the defendant, Brohard, filed his written demurrer to the said petition, which demurrer the court overruled, and the defendant not desiring to file any other pleading to said petition, the court decreed that the judgment in favor of Benjamin McCoy, assignee of Brady and Swindler against Samuel George and his said securities is a good and valid lien upon the twenty-four and one-half acres of land, and first in order of priority thereon; and that said Daniel O'Brien, surety, having paid off and discharged said judgment was entitled to be substituted to the rights of Benjamin McCoy in said judgment and to have the same enforced out of the proceeds of the sale of the twenty-four and one-half acres of land in petition mentioned, and decreed that the said Brohard pay to the said Daniel O'Brien the sum of one hundred and eighty-one dollars and sixty-five cents with interest from June 6, 1901, and costs, the said commissioner, Woods, having prior thereto paid over to said Brohard four hundred and forty-five dollars and fifty cents, the proceeds of the sale of said twenty-four and one-half acres of land; from which decree Brohard appealed to this Court and says that the court erred in overruling the exceptions of appellant to the filing of the petition of Daniel O'Brien and permitting the same to be filed and also in overruling the demurrer of appellant and each ground thereof interposed by him and in entering the decree of June 6, 1901. It will be observed that the petitioner, Daniel O'Brien, sets up an alleged right to be substituted to the rights of a judgment creditor and prays that he may be admitted as a defendant and his petition taken as an answer to plaintiff's bill. This O'Brien had a right to do, setting up matter upon which he relies for relief ,that is that he had paid the judgment of Brady and Swindler against George and was entitled to subrogation thereby and making parties of those who had rights to contest the fact of such payment and subrogation, although no allegation was contained in the bill against the said O'Brien. The petition is defective in that it fails to make proper parties and ask process against them. Before he could have relief to the pre-

judice of other co-defendants he should give them notice of what he demands against them, and without this he could have no relief against them.

From the allegations of the petition it appears that the suit of *McClaskey and Crim* v. *O'Brien et al.* was only for the purpose of enforcing the liens against the real estate of O'Brien and in no way affected the twenty-four and one-half acres of land or other realty of George, who was evidently made a party defendant to the suit simply because he was a co-judgment debtor with O'Brien, the said twenty-four and one-half acres of land being in no way involved in said suit. Douglass could not be a *pendente lite* purchaser thereof, said tract of land not being proceeded against for the enforcement of the lien against it; the judgments affecting it would be subject to the statute of limitations. It does not appear from the allegations of the petition or otherwise that the judgment was kept alive as provided by statute by the suing out of execution thereon; nor does it appear that execution had ever issued on said judgment of *Bradley and Swindler* v. *Samuel George.* In *Werdenbaugh* v. *Reid,* 20 W. Va. 588, it is held: "The lien of judgment upon which no execution was ever issued will not be enforced in a court of equity in a suit brought after the lapse of ten years from the date of the judgment." "The defenses of the statute of limitations and *laches* and stale demands may be made by demurrer." *Thompson* v. *Whittaker Iron Co.,* 41 W. Va. 574. Appellant Brohard as *cestui que trust* had the right to make the defense. "The plea of the statute of limitations is generally personal to the party and not available to strangers; but privies in estate, as heirs, devisees, vendors or mortgagees of the property may use it to defend their property." *McClaugherty* v. *Croft,* 43 W. Va. 270, (Syl. pt. 5). Section 5, chapter 86, Code, provides: "Any heir or devisee who shall sell and convey any real estate which by this chapter is made assets, shall be liable to those entitled to be paid out of the said assets for the value thereof with interest; in such cases the estate conveyed shall not be liable, if at the time of the conveyance the purchaser shall have no notice of the fraudulent intent on the part of the grantor, and no suit shall have been commenced for the administration of the said assets, nor any report have been filed, as aforesaid, of the debts and demands of those entitled." It does

not appear from the petition or otherwise that any suit had ever been commenced for the administration of said estate nor is it alleged or shown that there was any fraud or fraudulent intention on the part of Mrs. Cooper, the heir of Samuel George, in conveying the said twenty-four and one-half acres of land to Douglass, or that Douglass had any notice of any fraud. *Easley v. Barksdale*, 75 Va. 274.

It does not appear that the judgment was docketed in pursuance of the statute, which provides, among other things, that the record shall show the date of docketing said judgment. There was simply an abstract of such judgment from the record, but nothing to show that it was ever docketed in the judgment lien docket; and if it was actually entered in the judgment lien docket, of which there is no evidence, the date of docketing does not appear, which is one of the essentials to the docketing; however, as the judgment was permitted to die for want of issuing execution thereon the docketing the same was immaterial as that could have nothing to do with keeping it alive.

The exception to the commissioner's report taken by Daniel O'Brien because the commissioner failed to report said judgment in his favor should have been overruled by the court; the final judgment of the court, while it does not mention the exception taken by O'Brien, in effect sustains the exception. It appears from the showing made by O'Brien that he is not entitled to any relief to the prejudice of other parties and the petition, though so defective, can be made the subject of decree against him, disallowing his judgment and dismission of the petition, because of such defect, would not prejudice him.

For the reasons here given the decree of the circuit court must be reversed, only in so far as it requires Brohard to pay said sum to O'Brien, and the petition is dismissed.

*Reversed.*